E-filing

FILED
JUN - 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Wendy Lee Moore; & Richard Andrew, Jr.: Tarantino dba T&M Construction** | |
| **Petitioners** | **CA# C07-02860 EDL** |
| **V. Summons** | **Petition to Quash** |
| **The United States &** | |
| **Wells Fargo Bank Respondents** | |

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party record keeper from revealing Petitioner's private records to the Internal Revenue Service, and to quash the summons.

2. This court has jurisdiction over this action pursuant to 26 USC 7609 (h), 28 USC §1331, §1340, §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the US Constitution.

3. Petitioner is a Citizen of the United States and the state in which she/he is domiciled and entitled to the protection of its laws. Respondent third-party record keeper is a resident of or is found in this district.

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

4. According to law, Petitioners, are persons entitled to Notice of the Summons under IRC 7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the summons by registered or certified mail a copy of this petition to (A) the third-party record keeper who received the summons, and (B) to the IRS Officer before whom the summoned person is to appear at the address shown on the summons.

5. The records sought by the summons relate to the Petitioner and are her/his personal records.

This Court should quash said summons, for the following reasons:

A. The IRS has classified Petitioner as a "Tax Protester," has abandoned in an institutional sense the pursuit of a civil tax determination or collections purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. US v. LaSalle Nat. Bank, 437 US 46 248, 98 S Ct 2357 (1978).

B. The Service, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumnavigate the traditional role of the grand jury as the principal tool of criminal investigation in our society, US v. LaSalle, *supra*.

C. The IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination while withholding the formal recommendation in order to use this civil process to circumnavigate the decision of the Federal Courts.

The IRS has made a preliminary investigation into Petitioner's financial condition since it has access to a tremendous amount of financial data on alleged taxpayer and has thusly abandoned any hope of making any civil collection in this case, but is delaying in submitting a formal recommendation to Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

D. The summons itself indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is the type generally used exclusively for criminal prosecution. The Court should examine each type of document requested for a civil purpose. The Court, in examining each and every summons and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry.

Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the summons (or parts thereof) issued during investigation exceeded the services' authority. The Court must focus on the purposes of each individual summons (or parts thereof) and not simply on the purpose of the investigation as a whole. If any one of many summons or parts thereof were issued solely for a criminal investigation, that particular summons should be suppressed, even in the face of an overwhelmingly civil purpose of the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons. US V. Genser, 595 F 2d 146 (NJ 1979).

The Service only has the authority granted to it by Congress. The Congress has given the IRS administrative summons powers in IRC §7603 and §7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigative powers. Therefore, the IRS simply does not have the authority to summons those particular third-party records that would be used only in criminal prosecutions.

E. The information in the possession of the Respondent third party is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body without Petitioner's consent is a violation of her/his person, her/his privacy, her/his Constitutional rights, and her/his natural rights, which must be protected by the government.

F. The IRS summons are not issued in good faith as the information sought by the individual summons is too broad, too sweeping in detail, to be used by the IRS only to prove the actual existence of a valid civil tax determination or for a collection purpose. Actually, some of the items sought by the summons are only needed by the Justice Department to aid in criminal prosecutions not related to taxes.

G. The IRS has failed to meet the procedural requirement of the summons authority, including the required provisions of 26 USC §§7602, 7603, 7604, 7609, etc. The summons is patently defective on its face, filled out incorrectly by an unauthorized person, served incorrectly for an improper purpose, and violated the notice and hearing requirements. The agents have failed to comply with the mandatory procedures in IRS 7605 (c), have not secured the proper authorization nor given proper notice.

H. The summons was not issued in good faith, not conducted pursuant to a legitimate purpose, not relevant to any lawful purpose. The information is already within the commissioner's possession; the required administrative steps have not been followed.

The summons is an abuse of the administrative process and issued for the improper purpose of harassing and pressuring the Petitioner. US V. Powell, 379 US 78, 85 S Ct 248 (1964).

I. IRS Manual Supplement 9G-93, (and subsequent manual sections) the procedural guideline for prosecuting those persons classified by said agency as "tax protesters," removes any room for discretion on the part of the individual agents assigned to the case. MS 9G-93, IRM 9383.6 and other IRS procedures on persons similarly labeled as Petitioner, set forth a policy whereby the cases are totally criminal *ab initio,* to the extent that individual agents and the Service itself have no discretion or authority to compromise whatsoever in these cases. This manual is, by itself, the institutional commitment to prosecute.

6. The government alleges that one refuting the summons bears the burden of disproving the actual existence of a valid civil tax determination or collections purpose.

To meet said burden, Petitioner needs adequate pre-hearing discovery. Petitioner, given sufficient discovery, can prove:

A. No further existence of a continuing civil purpose;
B. A pre-existing institutional commitment to prosecute;
C. The failure of the summons to advance a civil purpose;
D. Improper purpose, political harassment, etc.

7. In her/his affidavit and Summary of Authorities, to be filed henceforth, Petitioner will enumerate actions of the government which will indicate, assuming actions speak louder than words, the true nature of this investigation, and will show the attempt of the two agencies to circumnavigate the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights.

The Tax Equity and Fiscal Responsibility Act of 1982, which contains the provision under which this Act was passed, provided taxpayers the right to petition to quash the summons. Obviously, the Congress meant for the suit to be meaningful, with adequate

pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

8. IRC §7603 provides that the summons be "attested," and this is mandatory. The IRS summons in this case is not attested or not attested properly, because, *inter alia,* it is not notarized nor worded properly.

9. The Court should quash the administrative summons issued with respect to the Petitioners on the alternate ground that the IRS failed to satisfy all statutory prerequisites thereto; namely, that in making its respective determinations regarding the Petitioner alleged tax liabilities for each of the years in question, inclusive, the IRS neglected to give reasonable advance notice to the Petitioner is that it intended to seek information from third-parties.

Before the IRS directed its administrative summons to the Respondent record keepers, it was required to give the Petitioner a "third-party contact notice" before it made contact with any party, other than the Petitioner to determine their liability for any tax. 26 U.S.C. §7602[c]; 26C.F.R.§ 301.7602.2[a] ("[subject to restriction not involved in this case], no officer or employee of the Internal Revenue Service (IRS) may contact any person other than the taxpayer with respect to the determination or collection of such taxpayer's tax liability without giving the taxpayer reasonable notice in advance that such contacts may be made.")

In this case, however, not only did the Petitioner not receive from the IRS the third-party contact notice mandated by 26 U.S.C. §7602[c], but the IRS's own records reveal a

complete absence of any evidence that the IRS ever sent the Petitioner such a notice. Thus, the IRS did not send the Petitioner a third-party contact notice as require by 26 U.S.C. §7602[c] before it directed the administrative summons respecting them to Respondent's record-Keepers. As such, the IRS has failed to satisfy the "all administrative steps required by the Internal Revenue Code for issuance of a summons" component of the test laid down for the IRS by the Supreme Court of the United States in United States v. Powell, 379 U.S. 48, 58 (1964).

Given that the IRS must satisfy every element of the Powell test before its summonses may be given legal force and effect, the IRS's failure to do so in instant case requires the Court to quash the subject summons.

10. The IRS CID has placed in Petitioners' permanent files and records a 914 Control Form. This form is issued by CID to be placed in the file of one who is subject to an ongoing investigation. This notifies the revenue agents or civil investigators that an active criminal case is pending and that all civil liability cases or audits are to be suspended. Further, the civil revenue officers are not to have any contact with this taxpayer so as not to interfere with an active criminal case.

Since the Auditor and Collections cannot be involved with this summons, then it cannot be an accurate purpose and failed the La Salle critera.

11. **Schultz II Case:** In so far as any defendant in this case who is a third-party record keepers but not classified under §7609 as third-party financial record-keepers or is any person, party, who is not covered by provisions of IRC §7609 but are defendants in this case, the Due Process clause of the 5th and 14th Amendments apply.

In the earthshaking **Schultz II case** [413 F.3d 297(2d NY), 95 A.F.T.R.2d 2005-3007, 2005 WL 152090] the Second Circuit Court of Appeals on June 29, 2005 ruled that the Due Process Clause of the Constitution was now applied to the IRS in the same manner as it has always applied to all government agencies and parties. Now all IRS actions against a Citizen are subject to judicial scrutiny.

Under the modern Due Process Clause, the 2nd Circuit reasoned, the government can have no adverse action against a citizen without being subject to judicial scrutiny. And, of course a judge is defined as a lifetime appointment without diminishment of salary, in other words, independent (in some cases very independent).

12. Therefore, if judicial scrutiny under IRC §7609 is disallowed for a 3rd party record-keeper who is not under the purview of §7609, then judicial scrutiny comes from the 5th and 14th Amendments by way of the Schultz II case. Statute §7609 is clearly independent judicial intervention to satisfy the DPC for financial record-keepers. When it does not apply, then the due process clause applies under Constitutional Law.

13. In the alternative, should this Court not quash the summons, Petitioner requests that the Court provide in its order that the IRS/DOJ not be allowed to use information gathered by the summons in a criminal case. The Government would not object to this provision in the final order because they have stated all along that this civil summons will be used strictly for a civil tax liability case.

14. The IRS third-party summons is attached or will be provided to this court.

15. Petitioner incorporates herein by reference her/his affidavit, memorandum of law and supplemental motions to be hereafter filed.

16. The IRS served a 3rd party bank summons on Respondent, Wells Fargo Bank, but falsely and illegally called it a collection summons. The IRS has no collection activity against Wendy Lee Moore and has no need for a collection summons, therefore this is a false summons served in violation of the law.

17. A copy of the 3rd party bank summons was not mailed to the holder of the bank account and the real party at interest, the petitioner, Wendy Lee Moore or Richard Andrew, Jr.: Tarantino dba T&M CONSTRUCTION. No notice was sent by the IRS agent to petitioner as required by IRC section 7609.

**Wherefore,** Petitioners requests that the court quash the IRS summons directed to third-party record keepers, and award to the Petitioner her/his costs, fees and other just relief.

Wendy Lee Moore
Petitioner, *Propria Persona*

Date 5-31-07

Wendy Lee Moore
1519 Terry Lynn Lane
Concord, California [94521]
(925) 682-3255

Richard Andrew, Jr.: Tarantino
Petitioner, *Propria Persona*

Date 5-31-07

Richard Andrew, Jr.: Tarantino
1650 Denkinger Road
Concord, California [94521]
(925) 686-1206



Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

Friday, April 27, 2007

Wendy L Moore
TM Construction
1519 Terry Lynn Lane
Concord, CA 94521

**Re:** **Internal Revenue Service Summons**
**Case No.:** **NONE**
**Case Name:** **T AND M CONSTRUCTION RICHARD TARANTINO JR**
**Bank Reference No.:** **1165780**

Dear Valued Customer,

Wells Fargo is in receipt of the above referenced legal order that requires production of your bank records/information regarding your account(s). A copy of the order is enclosed for your reference.

This notice is provided so you might undertake whatever actions you believe appropriate to preclude the bank from having to provide records/information pursuant to the legal order. Should you require assistance, we recommend that you immediately consult a professional of your choice, such as an attorney, for guidance.

If the necessary documents to prevent production by the bank are not provided to us, we will be compelled to comply.

Sincerely,

Marti Wiatrowski
Subpoena Processing Representative
1-(480) 724-2058
Hours of Operation: 8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

Exhibit 1



# Summons

07 APR 23 AM 10:40

In the matter of T&M CONSTRUCTION, 1650 DENKINGER RD, CONCORD, CA 94521-1150

Internal Revenue Service (Division): SMALL BUSINESS/SELF EMPLOYED

Industry/Area (name or number): SB/SE AREA 7 (27)

Periods: See Attachment 1 to Summons Form 2039 for Period Information

## The Commissioner of Internal Revenue

To: WELLS FARGO BANK

At: PO BOX 29728, PHEONIX, AZ 85038-9728

You are hereby summoned and required to appear before RICHARD LOWE, an officer of the Internal Revenue Service, and/or his or her designee, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

The following information regarding any accounts with your bank on which the above taxpayer is named as a depositor is required:

1) Type of account.

2) Account number.

3) Current balance.

If there are no such accounts, a statement to this effect is required.

### Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

[signature] REVENUE OFFICER, 68-11662

Signature of IRS Official Serving the Summons Title

**Business address and telephone number of IRS officer before whom you are to appear:**

1301 CLAY STREET, 1040S, OAKLAND, CA 94612 (510) 637-2521

**Place and time for appearance at:** 1301 CLAY STREET, 1040S, OAKLAND, CA 94612

**on the** 14th **day of** May, 2007 **at** 10:00 **o'clock** a **m.**

**Issued under authority of the Internal Revenue Code this** 18th **day of** April, 2007

RICHARD LOWE [signature] REVENUE OFFICER

Signature of Issuing Officer Title

Signature of Approving Officer *(if applicable)* Title

IRS

Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 10-2006)
Catalog Number 21405J

Exhibit 2

**Part A – to be given to person summoned**

**SUMMONS ATTACHMENT**

**IN THE MATTER OF: T&M Construction**

**SUMMONSED PARTY: WELLS FARGO BANK**

This summons pertains to all accounts in the name(s) of: T&M Construction account #9913482890 This summons requires the production of records from all accounts for the period of 12-31-2006 through date of compliance with this summons. Records required include (but are not limited to):

1. Monthly statements from January 1 2004 to FEBRUARY 28 2007
2. Deposit offsets (front and back) $1000.00 or greater
3. Deposit tickets
4. Cancelled checks (front and back) $1000.00 or greater
5. Signature cares
6. Debit and credit memos
7. Loan applications, including lines of credit, and all documents related to loan(s)
8. Financial statements
9. Safe deposit box entry cards
10. Cashier's checks and applications
11. Money orders
12. Foreign and domestic letters of credit and wires of funds along with related documents disclosing source of funds and, for wires of funds, the destination of the funds along with any related correspondence
13. Agency agreements and correspondence
14. Closing transaction on the account (check, wire transfer, etc. regardless of amount)

**Note: "UNDER IRC 7609 (c ) (2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."**

"I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original."

Richard Lowe Revenue Officer

sumbank

Exhibit 3

Subpoena Processing Department
MAC S3928-020
P.O. Box 29728
Phoenix, AZ 85038

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.29³
02 1A
0004630779
MAY 10 2007
MAILED FROM ZIP CODE 35282

D*RTAM5 94521

Exhibit 4