E-filing

FILED
2007 JUN -1 PM 12: 41
[CLERK stamp]
... COURT
... CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

C07-02860 EDL

|  |  |  |
|---|---|---|
| Plaintiff(s), | No. | (EDL) |
| v. | **ORDER SETTING CASE MANAGEMENT CONFERENCE** [Cases Excluded under Civil L.R.16-1(c)] | |
| Defendant(s). | | |

IT IS HEREBY ORDERED that, pursuant to Fed.R.Civ.P. 16 and Civil L.R. 16-14, a Case Management Conference will be held in this case before the Honorable Elizabeth D. Laporte on 9/4/07 at 3:00pm ~~10:00 a.m.~~ in Courtroom E, 15th floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by lead trial counsel for parties who are represented. Parties who are proceeding without counsel must appear personally.

IT IS FURTHER ORDERED that, within 45 days of filing the complaint, and in accordance with Civil L.R. 4-2, plaintiff shall complete service of the complaint on at least one defendant and file either a waiver of service or a certification of service of process. Failure to file the waiver of service or a certification of service will result in issuance by the Court of an Order to Show Cause why the complaint should not be dismissed for failure of prosecution.

IT IS FURTHER ORDERED that no later than 10 days before the Case Management Conference, each party shall file a Case Management Statement containing at least the following information:

(1) A brief description of the events underlying the lawsuit;

(2) A statement that all defendants (or third party-defendants, if any) have been served, or information about when the party plans to serve all remaining defendants;

(3) What discovery the party intends to take, including, but not limited to, the identity of all persons the party intends to depose.

In addition, the parties must be prepared to discuss knowledgeably with the Court at the Case Management Conference any of the other subjects listed in Fed.R.Civ.P. 16 or in Civil L.R. 16-14.

IT IS FURTHER ORDERED that **PLAINTIFF** shall at once serve copies of this Order, and the attached Magistrate Judges' Uniform Standing Order for Motion Practice, on all parties to this action, and on any parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5 and Civil L.R. 16-2(a). Following service, plaintiff shall file a certificate of service with the Clerk of this Court.

Failure to comply with this Order or with the Local Rules of this Court may result in sanctions, including the dismissal of the complaint or the entry of a default. See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

Dated: May 26 ,1998

ELIZABETH D. LAPORTE
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE TO ALL PRO SE PARTIES**

**ORDER RE: CHANGE OF ADDRESS**

As *pro se* parties are not represented by counsel, the Court depends upon the parties to keep the Court informed of their whereabouts and address changes. However, it has come to the attention of the Court that *pro se* parties frequently fail to notify the Court when they move or otherwise change their mailing address. As a result, the Court is often forced to expend substantial time and resources in efforts to locate and keep track of *pro se* parties.

Therefore, the *pro se* plaintiff in this action is instructed at all times to keep the Court and opposing parties advised as to his or her current address. The *pro se* plaintiff is hereby notified that if mail directed to the *pro se* party by the clerk is returned by the Post Office, and if that party fails to notify the Court and opposing parties within 60 days thereafter of his or her current address, the Court may dismiss this action without prejudice for failure to prosecute.

Dated: November 23, 1998

ELIZABETH D. LAPORTE
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.