```
SCOTT N. SCHOOLS (SCSBN SC9990)
United States Attorney
JAY R. WEILL (CSBN 75434)
Chief, Tax Division
THOMAS MOORE (ASBN 4305-T78O)
Assistant United States Attorneys
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, CA 94102
 Facsimile: (415) 436-6748
```

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WENDY LEE MOORE, RICHARD ANDREW TARANTINO, JR., dba T & M CONSTRUCTION,<br><br>    Petitioners,<br><br>    v.<br><br>WELLS FARGO BANK, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE COMMISSIONER, UNITED STATES<br><br>    Respondents. | No. CV-07-02860-MISC CRB<br><br>MEMORANDUM IN OPPOSITION TO PETITION TO QUASH, MOTION FOR SUMMARY ENFORCEMENT, AND MEMORANDUM IN SUPPORT<br><br>DATE:  August 31, 2007<br>TIME:   10:00 A.M.<br>PLACE: Courtroom 8, 19th Floor |

  PLEASE TAKE NOTICE that on August 31, 2007, at 10:00 a.m, before the Honorable Charles R. Breyer, United States District Judge, United States District Court, 19th Floor, Courtroom No. 8, 450 Golden Gate Avenue, San Francisco, California, the United States of America, by counsel, will and does moves the Court to deny the petition to quash, and for summary enforcement of the summons.  In support of its motion the United States submits the following memorandum.

**PRELIMINARY STATEMENT**

  Wendy Lee Moore and Richard Andrew Tarantino, Jr., move to quash an Internal Revenue Service ("IRS") summons served on Wells Fargo Bank ("bank").

**QUESTION PRESENTED**

Should the petition to quash be denied and the subject IRS' summons be summarily enforced where the United States has met the Powell requirements for enforcement, and Petitioners have failed to raise a legitimate defense to enforcement?

**STATEMENT OF FACTS**

Petitioner Richard Andrew Tarantino, Jr. did not file Form 1040 Federal income tax returns for tax year 1990, 1991, 1992, 1993, 1999, 2000, 2001, and 2003. Declaration of Revenue Officer Lowe, ¶ 1. Substitutes for Return were prepared and assessments were made for those years. Declaration of Revenue Officer Lowe, ¶ 1. An additional assessment was made for taxpayer's 1994 tax year liability. Declaration of Revenue Office Lowe, ¶ 1. Taxpayer has in total over $284,000 of unpaid tax liability currently assessed. Declaration of Revenue Officer Lowe, ¶ 1.

To collect the assessed taxes, the Internal Revenue Service ("IRS") issued summons to Wells Fargo Bank ("bank"), on April 18, 2007. Pl's Comp., Ex. B. The summons directed Wells Fargo to produce various records and information regarding the account of T & M Construction, account # 9913482890. Pl's Comp., Ex. B. True and correct copy of the summons are attached to the Declaration of Revenue Officer Richard Lowe. The summons was issued in aid of collection of income tax liabilities of T & M Construction. Declaration of Revenue Officer Lowe, ¶ 2,3. The taxpayer does business or has done business under the fictitious business name "T & M Construction." Declaration of Revenue Officer Lowe, ¶ 6; also see Pl's Comp., caption.

On June 1, 2007, petitioners filed petition to quash summons. However, this Court lacks subject matter jurisdiction over this petition.

**ARGUMENT**

**I.**

**The District Court Lacks Subject Matter Jurisdiction Over The Petition To Quash**

The power of taxpayers to sue the United States is restricted to circumstances in which Congress has elected to waive sovereign immunity. See **United States v. Dalm**, 494 U.S. 596, 608. Further, such waivers of sovereign immunity must be strictly construed in favor of the

sovereign. **McMahon v. United States**, 342 U.S. 25, 27 (1951). Where the United States has not consented to suit, dismissal of the action is required. **Gilbert v. DaRossa**, 756 F. 2d 1455, 1458 (9th Cir. 1985). The United States has not consented to suit this action.

Pursuant to section 7609(b)(2)(A) of 26 U.S.C, only a person who is entitled to notice of a summons under the Internal Revenue Code Section 7609(a) is entitled to bring a proceeding against the government to quash the summons. Section 7609(c)(2)(D)(i) provides that section 7609(a)(1) shall not apply to any summons issued in aid of the collection of an assessment made against the person with respect to whose liability the summons is issued. Because of the importance of the Commissioner's authority to issue summonses for purposes of investigating outstanding federal tax liabilities, Congress has carefully circumscribed the jurisdiction of the federal district courts with respect to actions seeking to challenge the validity of such summonses. See **United States v. Arthur Young & Co.**, 465 U.S. 805, 816-817 (1984).

The summons in the present case was issued against the taxpayer's bank account for the collection of unpaid liabilities previously assessed against the taxpayer. Declaration of Revenue Officer Lowe, ¶ 2. Section 7609(a)(1) therefore does not apply to the summons at issue, and Section 7609(b)(2) does not serve as a jurisdictional basis for the petitioners' suit. Where records are summoned from a third-party record keeper in aid of the collection of an assessed tax against a taxpayer with respect to whose liability the summons was issued, the taxpayer has no right to notice necessary for the right to petition to quash the summons, and therefore the district court lacks jurisdiction over a petition to quash brought by the taxpayer. See 26 U.S.C. 7609(b)(2); 7609(c)(2)(D). **Commissioner v. Hayes**, 631 F. Supp. 785, 786 (N.D. Cal. 1985).

In **Ip v. United States**, the 9th Circuit stated that:

> Where the [Internal Revenue] Service has made an assessment or obtained a judgment against a taxpayer and serves a summons [*1173] on a bank, for example, in order to determine whether the taxpayer has an account in that bank, and whether the assets in that account are sufficient to cover the tax liability which has been assessed, the [Internal Revenue] Service is not required, under the committee bill, to give notice to the taxpayer whose account is involved.

///

///

1  **Ip v. United States**, 205 F.3d 1168, 1172-1173 (9th Cir. 2000).

2  Additionally, the notice exception in Section 7609(c)(2)(D) applies not only to the
3  taxpayer, but any party. **Barmes v. United States**, 199 F.3d 386 (7th Cir. 1999). Therefore, the
4  notice exception pertains both to the taxpayer and co-petitioner, Wendy Lee Moore.

5  The summons in the present case was issued to collect information from the bank relevant
6  to collection of taxpayer's income tax liability; the IRS was not required to provide notice to the
7  petitioners. Declaration of Revenue Officer Lowe, ¶ 5; 26 U.S.C. §7609(c)(2)(D). Accordingly,
8  the district court lacks subject matter jurisdiction over the petition to quash because petitioners
9  were not entitled to notice of the summons; the United States has expressly withheld consent to
10  be sued by parties not entitled to notice. See 26 U.S.C. §7609(b)(2)(A).

11  In dismissing for lack of subject matter jurisdiction, it is not necessary for the District
12  Court to evaluate the merits of the summonses under the good faith requirements set forth in
13  **United States v. Powell**, 379 U.S. 48, 57-58 (1964). **Ponsford v. United States**, 771 F. 2d
14  1305, 1308. However, for respect of the Court and in response to allegations set forth by
15  petitioners, the United States has included the following discussion establishing the merits of the
16  summons.

17  II.

18  **Summons Enforcement in General and the Powell Requirements**

19  Congress has conferred upon the Secretary of Treasury the responsibility to make
20  accurate determinations of tax liability and to collect such taxes, and has given the Secretary
21  broad authority to conduct investigations for those purposes. 26 U.S.C. §7602. Section 7601(a)
22  provides that the Secretary shall "cause officers or employees of the Treasury Department to
23  proceed....through each internal revenue district and inquire after and concerning all persons
24  therein who may be liable to pay any internal revenue tax..." The Commissioner of Internal
25  Revenue ("Commissioner"), as the Secretary's delegate, is charged with this duty to make
26  inquiries, determinations, and assessments of all taxes imposed by the Internal Revenue Code
27  and to collect such taxes. Section 7602(a)(1) specifically authorizes the Commissioner to
28  examine any books, records, papers, or other data which may be relevant or material in

ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for an internal revenue tax.  26 § U.S.C. 7602(a)(1). Section 7602(a)(2) authorizes the Commissioner to issue summonses to compel persons in possession of such books, papers, records, or other data to produce for such examination.

An Internal Revenue Service summons is issued administratively, "but its enforcement is only by federal court authority in an `adversary proceeding' affording the opportunity for challenge and `complete protection of the witness.'"  **United States v. Church of Scientology of California**, 520 F. 2d 818, 821 (9th Cir. 1975); **Donaldson v. United States**, 400 U.S. 517 (1971). When seeking the enforcement of a summons the United States must show: (1) that there is a legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the IRS' possession; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken.  **United States v. LaSalle National Bank**, 400 U.S. at 298 (1978); **Powell**, 379 U.S at 57-58.

The United States may establish its prima facie case by a declaration of an agent involved in the investigation averring the **Powell** good faith elements.  **United States v. Samuels, Kramer and Co.**, 712 F.2d 1342, 1344-5 (9th Cir. 1983); **United States v. Will**, 671 F.2d 963, 966 (6th Cir. 1982).  The United States has established its prima facie case through the Declaration of Revenue Officer Lowe.

Once this showing has been made, the party challenging the summons bears the heavy burden of proving that enforcement of the summons would be an abuse of the court's process. **United States v. Powell**, at 58; **United States v. LaSalle National Bank**, at 316.  Unless the party challenging the summons can demonstrate that it was issued for an improper purpose, or was otherwise deficient, the United States is entitled to enforcement of the summons.  **United States v. LaSalle National Bank**, at 316, 318; **Donaldson v. United States**, at 536.  The United States has detailed its prima facie case below.

///

///

///

III.

**The Summons at Issue Meets the Powell Requirements**

**A.    Legitimate Purpose**

The first Powell requirement is that the summons be issued for a legitimate purpose. Powell, at 57.

In the present case, the summons was issued for a legitimate purpose, to obtain information to aid in the collection of unpaid taxes previously assessed against the taxpayer. Declaration of Revenue Officer Lowe, ¶ 2.

**B.    Relevance**

The second Powell requirement is that the "material sought be relevant to the purpose of the investigation." **Powell**, at 57. Section 7602(a)(1) authorizes the Secretary to summons the records of any person "which may be relevant or material to the investigation." 26 U.S.C. §7602(a)(1). It is well settled that the United States, to satisfy the relevancy requirement set forth in **Powell**, need only show that the summoned information "[might] throw light upon the correctness of the taxpayer's return." **United States v. Zolin**, 809 F.2d 1411, 1414 (9th Cir. 1987), aff'd in part and vac'd in part on other grounds, 109 S.Ct 2619 (1989); **United States v. Goldman**, 637 F. 2d 664, 667 (9th Cir. 1980); **United States v. Ryan**, 455 F 2d. 728, 733 (9th Cir. 1972).  The agents of the IRS cannot and need not guarantee that everything they wish to see will be relevant or material to their inquiries.  **United States v. Acker**, 325 F. Supp. 857, 862 (SDNY 1971).

The accompanying Declaration of Revenue Officer Lowe establishes that there is the requisite nexus between the taxpayer, his unpaid taxes and the requested records. Indeed, the bank records sought by the summons will likely aid in the collection of the taxpayer's outstanding tax liabilities. Declaration of Revenue Officer Lowe, ¶ 2.

**C.    Availability of Information**

The third **Powell** requirement is that the "information sought is not already within the Commissioner's possession." **Powell**, at 58. Revenue Officer Lowe's declaration states that the information sought was not within the within the possession of the Internal Revenue Service

when the summons was issued. Declaration of Revenue Officer Lowe, ¶ 8.

**D.     Administrative Steps**

The fourth Powell requirement is that the "administrative steps required by the Code have been followed." **Powell**, at 58. Revenue Officer Lowe declaration states that the administrative steps required by the Code have been followed. Declaration of Revenue Officer Lowe, ¶ 5.

Petitioners specifically allege that IRS summons was not attested as required under 26 U.S.C. §7603. Pl's Comp., ¶ 8. Attestation can be found on IRS Summons. Pl's Comp., Ex. B.

The petitioners have provided no support for allegations that the summons issued did not meet the Powell requirements.

**IV.**

**Summons was issued for a valid civil tax purpose**

The petitioners raise several arguments that the summons was issued for an invalid purpose. Summarily, the petitioners allege that the summons was issued for purposes of criminal prosecution. See Pl's Comp. ¶ 5.

The summons is to aid in the collection of previously assessed taxes. Declaration of Revenue Officer Lowe, ¶ 2. By the declaration provided by Revenue Officer Lowe, the United States stated a prime facie case that the summons was issued for a civil collection purpose, and the petitioners must refute this with sworn affidavit that provides:

> information or other evidence introduced by the taxpayer reveals (1) that the IRS issued summonses after the investigating agents recommended prosecution, (2) that inordinate and unexplained delays in the investigation transpired, or (3) that the investigating agents were in contact with the Department of Justice . . . ." However, "where the information indicates that none of these three conditions are present, the district court need inquire no further.

**Davis v. United States**, 2001 U.S. Dist. LEXIS 3243 (D.N.C. 2001). Petitioners cites to no evidence to support the allegations that the summons was issued for criminal purpose or in bad faith. Revenue Officer Lowe's declaration shows that this summons was issued for a civil collection matter, and that no criminal referral has been made, and that a 914 control form has not been placed in the petitioners' files. Declaration of Revenue Officer Lowe, ¶ 2. 11, 12.

Mem In Opp To Pet To Quash, Mot For Sum Enf, &
Mem In Supp (No. C-07-02860-MISC CRB           7

**CONCLUSION**

For the foregoing reasons, this Court should deny the petition to quash and order enforcement of the summons.

SCOTT N. SCHOOLS
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division
