SCOTT N. SCHOOLS (SCSBN SC9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorneys
Acting Chief, Tax Division
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, CA 94102
  Telephone: (415) 436-6935
  Facsimile: (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WENDY LEE MOORE, & RICHARD ANDREW, Jr.: TARANTINO, dba T&M CONSTRUCTION,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA & WELLS FARGO BANK<br><br>Respondents. | No. CV-07-02860-MISC CRB<br><br>**REPLY TO PETITIONER'S RESPONSE AND OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY ENFORCEMENT**<br><br>DATE:  September 21, 2007<br>TIME:  10:00 A.M.<br>PLACE:  Courtroom 8, 19th Floor |

United States of America hereby submits this Response to Petitioner's Response and Opposition to United States' Motion for Summary Enforcement and Petitioner's Amended Petition to Quash Summons.

**ARGUMENT**

**I.**

**The Declaration of Officer Lowe meets the Powell Requirements**

Petitioners contend that the United States has not met the required evidentiary showing to merit a motion for summary enforcement of the IRS Summons. Petitioners' Response, 3.

To establish a need for judicial enforcement, requires only a minimal showing. **English v. Krubsack**, 371 F.Supp.2d 1198, 1202 (E.D. Cal, 2005). This is necessarily true because the tax summons enforcement statute must be read broadly in order to ensure that the enforcement

1  powers of the IRS are not unduly restricted.  **United States v. Balanced Financial Management,**
2  **Inc.**, 769 F.2d 1440, 1443 (10th Cir.1985).  Assertions by affidavit of the agent issuing the
3  summons that the requirements are satisfied are sufficient to make the prima facie case.  See
4  **United States v. Samuels, Kramer & Co.**, 712 F.2d 1342, 1345 (9th Cir.1983); See also **United**
5  **States v. Kis**, 658 F.2d 526, 536-37 (7th Cir.1981), cert. denied, 455 U.S. 1018 (1982).
6          The Ninth Circuit has additionally stated that "[t]he government's burden is a 'slight one'
7  and typically is satisfied by the introduction of the sworn declaration of the revenue agent who
8  issued the summons that the *Powell* requirements have been met."  **Fortney v. United States**, 59
9  F.3d 117, 119 (9th Cir. 1995); **United States v. Gilleran,**, 992 F.2d 232, 233 (9th Cir.1993).
10         Revenue Officer Lowe's declaration satisfies the *Powell* requirements to establish a prima
11 facie case that he issued the summons in good faith. In his declaration, Revenue Officer Lowe
12 explained he issued the summons for the legitimate purpose of collecting the unpaid tax liability
13 and that the summoned bank records are relevant a to the collection of taxes assessed and owed.
14 In addition, he declared that the IRS lacks possession of the financial records sought by the
15 summons and that there has been no referral for criminal prosecution.
16         The Declaration of Office Lowe is sufficient to establish a prima facie case that the
17 summons met the Powell requirements, including that all administrative steps required by the
18 Internal Revenue for issuance and service of a summons has been taken.  See **Fortney**, 59 F.3d at
19 119.  In his declaration, Officer Lowe declared that "[a]ll administrative steps required by the
20 Internal Revenue Code.  Declaration of Officer Lowe, 2.  Section 7603 of the Internal Revenue
21 Code requires specifically that the copy of the summons being served be attested to.  26 U.S.C.
22 §7603; See **Fortney**, 59 F.3d at 119.  The copy of the IRS summons mailed to Wells Fargo Bank,
23 attached to the Declaration of Revenue Officer Richard Lowe, contains the required attestation by
24 Officer Lowe.  **Declaration of Officer Lowe**, Ex. A1.

## II.

### Petitioner's Additional Arguments in Amended Petition are without Merit

27      In addition to the Petitioner's Response to the United State's Motion for Summary
28 Enforcement the Petitioners raise additional arguments in their "Amended Petition to Quash

1  Summons, and Complaint for Damages for Unauthorized Disclosure of Financial Information."
2  Petitioners make numerous allegations including that Revenue Officer Lowe did not have the
3  power to issue summons because he was not a "criminal investigator," and that the information
4  requested was not necessary for collection.  Amended Petition, 2.
5      Section 7602 of the Internal Revenue Code authorizes the IRS to issue summons "for the
6  purpose of ... collecting any such tax liability.  26 U.S.C. 7602(a).  The IRS is authorized to
7  "examine any books, papers, records or other data which may be relevant or material to such
8  inquiry."  26 U.S.C. §7602(a)(1).
9      Revenue Officer Richard Lowe, as an agent of the Internal Revenue Service, was
10 authorized to issue the summons in contention under 26 U.S.C. §7602.  Further, the documents
11 requested in the summons did not need to be necessary for collection of tax liability, but only
12 relevant or material.  26 U.S.C. §7602(a)(1).  The summons requested the Petitioners' bank
13 account information that was relevant and material to collect the Petitioners' tax liability.  See
14 Declaration of Officer Lowe, Ex. A2.
15     Petitioner's also allege a second cause of action against Wells Fargo Bank in there
16 amended petition, alleging that Wells Fargo Bank made an unauthorized disclosure of Petitioners'
17 financial information, in violation of Section 3403 of the Right to Financial Privacy Act.
18 Amended Petition, 3.  However Section 3413 lists a clear exception to the Right to Financial
19 Privacy Act, stating that "[n]othing in this chapter prohibits the disclosure of financial records in
20 accordance with the procedures authorized by Title 26.  12 U.S.C. §3413.  If Wells Fargo Bank
21 did make the alleged disclosures to the IRS, such disclosures would fall under the aforementioned
22 exception, as the disclosures would be in response to an IRS summons authorized by Title 26.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Reply To Pet. Resp & Opp. To U.S.' Mot.
For Sum. Enf. (No. C-07-02860-MISC-CRB)

## CONCLUSION

For the foregoing reasons, this Court should deny the petition to quash and order enforcement of the summons.

SCOTT N. SCHOOLS
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division

Reply To Pet. Resp & Opp. To U.S.' Mot.
For Sum. Enf. (No. C-07-02860-MISC-CRB)

**CERTIFICATE OF SERVICE**

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers.  The undersigned further certifies that I caused a copy of the following:

REPLY TO PETITIONER'S RESPONSE AND OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY ENFORCEMENT

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

\_X\_\_\_    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

\_\_\_\_    **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

\_\_\_\_    **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

**Wendy Lee Moore**
**1519 Terry Lynn Lane**
**Concord, CA 94521**

**Richard Andrew Tarantino, Jr.**
**1650 Denkinger Road**
**Concord, CA 94521**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **September 11, 2007** at San Francisco, California.

                                       /s/ Kathy Tat
                                  **KATHY TAT**
                                  **Legal Assistant**