**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY LEE MOORE, RICHARD ANDREW TARANTINO, JR., dba T&M CONSTRUCTION<br><br>Petitioners,<br><br>v.<br><br>WELLS FARGO BANK, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE<br><br>Respondents. | No. C 07-02860 CRB<br><br>**ORDER DISMISSING PETITION TO QUASH, GRANTING MOTION FOR SUMMARY ENFORCEMENT** |

Petitioners Wendy Lee Moore and Richard Andrew Tarantino move to quash an Internal Revenue Service ("IRS") summons served on Wells Fargo bank in April 2007. Tarantino did not file Form 1040 federal income tax returns for the years 1990-93, 1999-2001, and 2003. Accordingly, the IRS assessed Tarantino over $284,000 in unpaid tax liability. Pursuant to 26 U.S.C. § 7602(a)(2), IRS Revenue Officer Richard Lowe issued a summons to Wells Fargo Bank to produce records pertaining to all accounts in the name of T&M Construction, a corporation under whose name Tarantino does business or has done business.

The Internal Revenue Code features a special notice provision where, as here, the IRS issues a summons to a third party. See 26 U.S.C. § 7609(a). Critically, a party has no standing to initiate an action to quash a third-party summons unless they are entitled to notice

under § 7609(a).  See Ip v. United States, 205 F.3d 1168, 1170 n.3 (9th Cir. 2000).  The petition to quash must be dismissed because petitioners were not entitled to notice under § 7609(a), and therefore do not have standing.  The IRS is relieved of its notice obligation when it issues a summons in aid of the collection "of an assessment made . . . against the person with respect to whose liability the summons has issued."  26 U.S.C. § 7609(c)(2)(D)(i).  As explained by the Ninth Circuit in Ip, this exception applies "where the assessed taxpayer has a recognizable [legal] interest in the records summoned."  205 F.3d at 1176 (citation and internal quotation marks omitted).  Because Tarantino does business or has done business under the name T&M Construction, there is no doubt that he has a recognizable legal interest in T&M's financial records.[1]  The petition to quash is DISMISSED WITHOUT PREJUDICE.

The IRS has cross-motioned for summary enforcement of its summons.  Because IRS summonses are not self-enforcing, the government must seek enforcement from a federal district court if the person on whom a summons has been served refuses to comply.  See United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1344-45 (9th Cir. 1983).  Revenue Officer Lowe's sworn declaration – providing that the summons was issued for the legitimate purpose of collecting previously assessed income taxes, the summonsed information may be relevant to the collection of assessed taxes, the information is not in the possession of the IRS, and all administrative steps required by the IRC have been taken – is sufficient to satisfy the government's prima facie burden of establishing that its use of the summons is "in good faith."  See id. at 1344-45.

---

[1] Petitioners also challenge the summons on the ground that release of their financial information would violate their rights under the Right to Financial Privacy Act, 12 U.S.C. § 3413.  Although that statute protects against the disclosure of financial information to the government except upon certain conditions, it contains an exception where information is sought pursuant to the IRC.  See 12 U.S.C. § 3413(c) ("Nothing in this chapter prohibits the disclosure of financial records in accordance with the procedures authorized by Title 26.").  Because the IRS followed appropriate Title 26 procedures in issuing the summons, § 3413(c)'s exception applies in this case.  See Lidas, Inc. v. United States, 238 F.3d 1076, 1083 (9th Cir. 2001).

Petitioners, on the other hand, have not satisfied their "heavy" burden of alleging specific facts that support their allegations of bad faith. See id. at 1348. Petitioners forward "mere conclusory allegations" of bad faith rather than "specific facts and evidence." United States v. Tanoue, 94 F.3d 1342, 1346 (9th Cir. 1996) (quotation and citation omitted). Accordingly, the government's motion for summary enforcement is GRANTED.

**IT IS SO ORDERED.**

Dated: September 21, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE